| | |
|---|---|
| 1 | KAREN P. HEWITT |
|   | United States Attorney |
| 2 | AARON B. CLARK |
|   | Assistant U.S. Attorney |
| 3 | California State Bar No. 239764 |
|   | United States Attorney's Office |
| 4 | 880 Front Street, Room 6293 |
|   | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-6787/(619) 235-2757 (Fax) |
|   | Email: aaron.clark@usdoj.gov |
| 6 | Attorneys for Plaintiff |
|   | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1261LAB |
|---|---|---|
| Plaintiff, | ) | DATE: June 2, 2008 |
|  | ) | TIME: 2:00 p.m. |
| v. | ) | Before Honorable Larry A. Burns |
|  | ) |  |
| MARTIN OROSCO-IBARRA, | ) | UNITED STATES' MOTIONS FOR: |
|  | ) |  |
| Defendant(s). | ) | (1) RECIPROCAL DISCOVERY |
|  | ) | (2) FINGERPRINT EXEMPLARS; AND |
|  | ) | (3) LEAVE TO FILE FURTHER MOTIONS |
|  | ) |  |
|  | ) | TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant U.S. Attorney, and hereby files its Motions in the above-referenced case. Said Motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

DATED: May 12, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney


s/ Aaron B. Clark
AARON B. CLARK
Assistant United States Attorney

```
 1  KAREN P. HEWITT
    United States Attorney
 2  AARON B. CLARK
    Assistant U.S. Attorney
 3  California State Bar No. 239764
    United States Attorney's Office
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557-6787/(619) 235-2757 (Fax)
    Email: aaron.clark@usdoj.gov
 6
    Attorneys for Plaintiff
 7  United States of America
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>MARTIN OROSCO-IBARRA,<br><br>                Defendant(s). | ) ) ) ) ) ) ) ) ) ) ) ) | Criminal Case No. 08CR1261LAB<br><br>DATE:      June 2, 2008<br>TIME:      2:00 p.m.<br>Before Honorable Larry A. Burns<br><br>UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |
|---|---|---|

**I**

**STATEMENT OF THE CASE**

On April 22, 2008, a federal grand jury in the Southern District of California returned a true bill of Indictment charging Martin Orosco-Ibarra ("Defendant") with one count of Attempted Entry After Deportation in violation of Title 8, United States Code, § 1326(a) and (b). Defendant was arraigned on the indictment on April 22, 2008 and entered a plea of "not guilty."

//

//

//

//

## II

## **STATEMENT OF FACTS**

**A.   IMMIGRATION HISTORY**

Defendant is a Mexican citizen who was ordered removed by an immigration judge on August 6, 1996. Defendant has also been physically removed from the United States on numerous occasions. His latest removal occurred on February 5, 2008, by foot, through the San Ysidro, California Port of Entry.

**B.   RAP SHEET SUMMARY CHART**

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
|---|---|---|---|
| 1-29-07 | CASC Tulare | HS 11550 – Under Infl. Cntl. Sub. | 5 years prob. |
| 12-27-06 | CASC Tulare | HS 11377(a) – Poss. Cntl. Sub. | 16 months |
| 10-21-05 | CASC Tulare | HS 11377(a) – Poss. Cntl. Sub. | 3 years prob. |
| 5-14-04 | USDC AZ | 8 U.S.C. 1325 (M) – Illegal Entry | 120 Days |
| 5-3-04 | CASC Visalia | HS 11379(a) – Transp./Poss. Cntl. Sub. | 16 months |
| 2-24-04 | CASC Tulare | VC 23152(b) – DUI<br>VC 12500 – Drive w/o License | 8 days |
| 7-6-98 | USDC EDCA | 8 U.S.C. 1325 – Illegal Entry | 27 months |
| 10-6-92 | CASC Tulare | PC 470 – Forgery | 90 days |
| 5-31-89 | CASC Tulare | PC 484(a)/666 – Petty Theft w/Priors<br>7-23-90 Probation Revoked | 240 days<br>2 years |

**C.   INSTANT OFFENSE**

On March 23, 2008, at approximately 6:05 p.m., Border Patrol Agent Marcos Manzano was conducting line watch operations in the Imperial Border Patrol Station area of operations. At that time, he saw Defendant running north in an area known as "Campos Ditch." The area is approximately three miles west of the San Ysidro, California, Port of Entry and 100 yards north

1  of the Internation border between the United States and Mexico. Agent Manzano stopped the
2  Defendant, identified himself as a Border Patrol agent, and conducted an immigration inspection.
3  Defendant then freely admitted to being a Mexican citizen without documents to be in the United
4  States legally. Defendant was subsequently arrested and transported to the Imperial Beach station
5  for processing.

6  The Defendant was subsequently advised of his <u>Miranda</u> rights, which he elected to waive.
7  Defendant then admitted to being a citizen of Mexico without documents to be in the United States
8  legally. He further admitted that he had been previously deported.

### III

### MOTION FOR RECIPROCAL DISCOVERY

The United States hereby moves for reciprocal discovery from Defendant. To date Defendant has not provided any. The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendants' requests for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The Government also requests a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

1      The United States also requests that the Court make such order as it deems necessary under
2 Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.
3      In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production
4 of prior statements of all witnesses, except a statement made by defendant. This rule thus provides
5 for the reciprocal production of <u>Jencks</u> statements. The time frame established by the rule requires
6 the statement to be provided after the witness has testified. To expedite trial proceedings, the
7 United States hereby requests that Defendant be ordered to supply all prior statements of defense
8 witnesses by a reasonable date before trial to be set by the Court. Such an order should include
9 any form in which these statements are memorialized, including but not limited to, tape recordings,
10 handwritten or typed notes and/or reports.

**IV**

**MOTION FOR FINGERPRINT EXEMPLARS**

13      As part of its burden of proof at trial, the Government must prove beyond a reasonable
14 doubt that Defendant is the same person who was previously deported from the United States.
15 Defendant's warrants of deportation and related documents bear fingerprints to verify his
16 identity. In order to meet our burden of proof, the United States anticipates calling a certified
17 fingerprint examiner to obtain fingerprint exemplars from Defendant and compare those with
18 the fingerprints on the immigration documents.
19      Defendant has no privilege against providing fingerprint exemplars. The Fifth
20 Amendment privilege is limited to communications or testimonial evidence. <u>Schmerber v.</u>
21 <u>California</u>, 384 U.S. 757, 763-64 (1966). The Government's use of identifying physical
22 characteristics, such as fingerprint exemplars, does not violate a defendant's Fifth Amendment
23 rights. <u>See, e.g.</u>, <u>United States v. De Palma</u>, 414 F.2d 394, 397 (9th Cir. 1969); <u>Woods v.</u>
24 <u>United States</u>, 397 F.2d 156 (9th Cir. 1968). <u>Compare</u> <u>United States v. Jackson</u>, 886 F.2d 838,
25 845 n.8 (7th Cir. 1989) ("There is no doubt that requiring a defendant to give a handwriting
26 specimen does not violate his fifth amendment privilege against self-incrimination since the

privilege reaches only compulsion of a defendant's communication."). Accordingly, the Court should order that Defendant provide fingerprint exemplars to the Government's fingerprint expert.

## V.

## **LEAVE TO FILE FURTHER MOTIONS**

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

## VI.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that its motions for reciprocal discovery, fingerprint exemplars and leave to file further motions be granted.

DATED: May 12, 2008.

          Respectfully submitted,

          KAREN P. HEWITT
          United States Attorney


          s/ Aaron B. Clark
          AARON B. CLARK
          Assistant United States Attorney

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>    v.<br><br>MARTIN OROSCO-IBARRA,<br><br>    Defendant(s). | Case No. 08CR1261-LAB<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

      I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

      I am not a party to the above-entitled action. I have caused service of UNITED STATES' MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

      1. John C. Ellis

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on May 12, 2008.

                                        s/ Aaron B. Clark
                                        AARON B. CLARK